UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

**MICHELLE MOSLEY**
7501 Overlook Court
Oxon Hill, Maryland 20745

     **Plaintiff,**

  v.

: Civil Action Number: 1:14cv860
: JURY TRIAL DEMANDED
: TSE/JFA

**CITY OF ALEXANDRIA**
301 King St., Room 1300
Alexandria, Virginia 22314
A municipal company organized under
The laws of the Commonwealth of Virginia,

     **Defendant**

Serve:

 William D. Euille, Mayor
 City of Alexandria
 301 King Street, Room 2300
 Alexandria, Virginia 22314

 James Banks, Jr. Esquire
 Alexandria City Attorney
 301 King Street, Room 1300
 Alexandria, Virginia 22314

 Maggie Lyons, Safe Haven Coordinator
 2525 Mt Vernon Ave #1
 Alexandria, VA 22301

## COMPLAINT

Plaintiff Michelle Mosley (Ms. Mosley), by Counsel, hereby complains and alleges as follows.

## NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201 et seq., by Ms. Mosley against Defendant, City of Alexandria, ("Alexandria") for failing to record or pay overtime wages to Ms. Mosley in violation of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

2. Jurisdiction of the action is conferred on this court by the section 16 (b) of the Fair Labor Standards Act, 29 U.S.C. 216 (b) and by the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district. There is diversity between the parties by virtue of the domicile of the parties.

## THE PARTIES

4. Ms. Mosley is an adult female citizen and resident of 7501 Overlook Court. Oxon Hill, Maryland 20745. Until December 2013, Ms. Mosley was employed by Defendant, City of Alexandria ("Alexandria") as the Senior Residential Counselor for the Men's Recovery Home of Alexandria ("Men's Recovery Home").

5. Defendant, Alexandria is a municipal corporation organized under the laws of the Commonwealth of Virginia. Alexandria maintains and operates the Men's Recovery Home located at 522 East Windsor Avenue, Alexandria, VA. At all times relevant to this Complaint, Alexandria exercised control over the day to day operations of Men's Recovery Home, including the power to select and hire an employee, and the power to fire an employee, the power to set wages, hours and compensation for any

employee, and the power to control an employee. Alexandria was and continues to be Ms. Mosley's employer.

6. Ms. Mosley began her employment for the City of Alexandria on December 27, 2001 as Senior Residential Counselor. *See*, Exhibit A. In this capacity, Ms. Mosley was responsible for overseeing the day-today functioning of group homes, reviewing and implementing treatment plans, participating in quality assurance reviews, and evaluating after care treatment options, goal setting, and motivating consumers to continue treatment and engage in problem solving, and assuring that the facility maintenance and operations were in full compliance with Virginia certification. *See*, Exhibit B. She maintained this position until December 5, 2013, when she requested a reduction in work duties due to Alexandria's failure and refusal to properly and adequately compensate her.

## COUNT I
### (Failure to Pay Overtime)

7. Ms. Mosley incorporates paragraphs 1-6 herein.

8. From the commencement of Ms. Mosley's employment, she worked from Mondays through Thursdays from 7:00 a.m. until 9:00 a.m., and 5:00 p.m. until 11:00 p.m. On Sundays, Ms. Mosley worked from 5:00 p.m. until 11:00 p.m. Although Ms. Mosley was considered as being on "sleep-time" during 11:00 p.m. until 7:00 a.m., she was not permitted to leave the facility unless there was a staff member on sight. Alexandria failed to make alternative arrangements for staff to cover the night shifts. As such, Ms. Mosley was not permitted to leave Men's Recovery during her sleep time. Therefore, Ms. Mosley was acting as an employee of Alexandria during the hours of 11:00 p.m. until 7:00 a.m. of each shift and was entitled to be paid overtime.

9. On or about October 1, 2013, Ms. Mosley became aware of the unfairness and illegality of her work situation through fellow employees. When Ms. Mosley was absent from work, Alexandria hired a part-time person to perform the duties of Ms. Mosley. Ms. Mosley learned that the part time staff was always fully compensated for their 16 hour shifts. On September 19, 2013, Ms. Mosley verbally requested a demotion to Alexandria Residential Detox Center in order to reduce her 16 hour work days. The 16 hour work days had already taken a toll on her physical and emotional health. Ms. Mosley was voluntarily demoted on December 7, 2014 to the Alexandria Detox Center as Residential Counselor. Ms. Mosley now works daily shifts from 3:00 p.m. until 11:00 p.m. and rotates every other week to the hours of 7:00 a.m. until 3:30 p.m. for which she is fully compensated.

10. From December 27, 2001 until October 11, 2013, Ms. Mosley received hourly wages of approximately 40 hours per week at the regulated rate of $28.938 per hour.

11. As an employee of Alexandria, and under Fair Labor Standards Act, Ms. Mosley is entitled to overtime pay of one and half times (1.5) her regular hourly wage for time in excess of 40 hours per week.

12. Defendant and their executives were aware that Ms. Mosley worked over 40 hours per week during her employment.

13. Ms. Mosley has not received full overtime pay for working in excess of 40 hours per week during the period January 1, 2002 until October 11, 2013.

14. Defendant's acts/omissions to pay overtime wages constitute wilful violations which entitle Ms. Mosley to the accumulated minimum amount of Eighty Five Thousand One Hundred and Forty Dollars and Thirty Seven Cents ($85,140.37) for the years 2012 and 2013. *See* Exhibit C.

WHEREFORE, Plaintiff Michelle Mosley, demands judgment in her favor and against Defendant, City of Alexandria, in the amount of Eighty Five Thousand One Hundred and Forty Dollars and Thirty Seven Cents ($85,140.37) plus interest, costs and for such other relief as the court may deem just and appropriate.

## COUNT II
### (Breach of Contract)

15. Ms. Mosley incorporates paragraphs 1-6 herein.

16. In or about 2001, Ms. Mosley reached an agreement with the City of Alexandria that she would be paid and compensated as the Senior Residential Counselor and that she would be paid in accordance with the law.

17. That contract was breached by virtue of Defendant Alexandria's failure and refusal to pay Ms. Mosley full overtime pay for the performance of her duties for the past three (3) years.

18. As a direct and proximate result of Defendant, Alexandria's breach, Ms. Mosley has suffered damages in the amount of $132, 337.02 for the years 2011, 2012 and 2013 or such amount as may be established at trial plus interest, costs, and attorney's fees and for such other relief as the court may deem just and appropriate.

WHEREFORE, Plaintiff, Michelle Mosley, demands judgment in her favor and against Defendant, City of Alexandria, in the amount of One Hundred Thirty Two Thousand Three Hundred and Thirty Seven dollars and Two cents ($132, 337.02) plus interest, costs and for such other relief as the court may deem just and appropriate.

## COUNT III
### (Quantum Meruit)

19. Ms. Mosley incorporates paragraphs 1-6 herein.

20. Ms. Mosley properly provided quality service for and on behalf of Alexandria's Men's Recovery Home. She has and continues to be an exemplary

employee. Her evaluation stated that she performed her tasks in a timely manner, and is fair, objective and makes a conscientious effort to advance the legitimate interest of the employees. See, Exhibit D.

21. Defendant, Alexandria retained the benefits of the services provided by Ms. Mosley with knowledge that she expects to be compensated in accordance with the case.

22. As a direct and proximate result of Defendant, Alexandria's failure to properly pay Ms. Mosley, Defendant has been unjustly enriched to the extent of the value of services, in this case the overtime wages it has failed and refused to pay.

WHEREFORE, Plaintiff, Michelle Mosley, demands judgment in her favor and against Defendant, City of Alexandria, in an amount of One Hundred Thirty Two Thousand Three Hundred and Thirty Seven dollars and Two cents ($132,337.02) or such amount as may be established at trial plus interest, costs, and attorney's fees and for such other relief as the court may deem just and appropriate.

## JURY DEMANDED

Plaintiff, Michelle Mosley hereby demands a jury on all issues trial by the jury.

Respectfully submitted,

BRUCE A. JOHNSON JR., LLC

Bruce A. Johnson, Jr., Esquire
Virginia Bar #36910
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505 Direct
(301) 860-1508 Facsimile
bajjlaw@aol.com
*Counsel for Plaintiff*